NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACKSON HEWITT INC. | Civil Action No. 13-510 (ES) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION & ORDER |
| CHRISTINE E. GLEASON | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

This action comes before the Court on the motion of Plaintiff Jackson Hewitt Inc ("Plaintiff" or "Jackson Hewitt") for default judgment pursuant to Fed. R. Civ. P. 55(b)(1), (D.E. No. 7), and the Court, having considered Plaintiff's submissions, and it appearing that:

1. On January 25, 2013, Plaintiff commenced the instant civil action, claiming that Defendant Christine E. Gleason ("Defendant") breached the franchise agreement contracts that the parties had entered into. (D.E. No. 1).

2. On February 6, 2013, Defendant was served with a copy of the Summons and Complaint. (D.E. No. 4).

3. The time for answering the Complaint has expired, and Defendant has neither been granted an extension of time within which to answer, nor interposed an answer or otherwise responded to the Complaint.

4. On March 1, 2013, Plaintiff sent the Clerk of Court a letter requesting that default be entered against Defendant. (D.E. No. 5).

5. On March 5, 2013, the Clerk of Court entered default as to Defendant. (*See* D.E. dated March 5, 2013).

6. On March 26, 2013, Plaintiff filed its motion seeking default judgment. (D.E. No. 7).

7. Plaintiff provided Defendant with notice of the motion for default judgment. (D.E. No. 7-12, Cert. of Service).

8. "A consequence of the entry of [default] is that the factual allegations of the complaint . . . will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

9. "Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted).

10. First, the Court finds that there has been sufficient proof of service because Defendant was personally served. (D.E. No. 4).

11. Second, the Court finds that there has been a sufficient cause of action stated. In New Jersey, a plaintiff must allege three elements to state a cause of action for breach of contract: (1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach. *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at*3 (D.N.J. Mar. 19, 2012). Here, Plaintiff has alleged: (1) that there was a contractual relationship based on the Franchise Agreements and Defendant's personal guaranties, (D.E. No. 1, Compl. ¶¶ 6-7); (2) that Defendant breached the contract when she failed to remit required payments

and abandoned her franchises, (*id.* ¶ 8); and (3) that Plaintiff suffered resulting damages in the amount of $568,307.50, (D.E. No. 7-5, Declaration of Arnold Janofsky ("Janofsky Decl.") ¶ 25; D.E. No. 7-2, Declaration of John F. Dienelt ("Dienelt Decl.") ¶ 8). Therefore, Plaintiff has sufficiently alleged a cause of action for breach of contract.

12. Third, to determine whether granting default judgment is proper, the Court must make factual findings "as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc., v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). Here, the Court finds that: first, absent any responsive pleadings from Defendant, meritorious defenses do not appear to be available to her. Second, the Court finds that Plaintiff "will suffer prejudice if the Court does not enter default judgment as Plaintiff has no other means of seeking damages for the harm caused by Defendant." *Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012). Finally, Defendant is culpable because she has been served with notice of this action but has failed to participate properly.

13. Thus, the Court finds that the three elements of *Teamsters Health & Welfare Fund* have been established here.

14. Plaintiff has alleged contractual damages in the amount of **$562,523.50**. (Janofsky Decl. ¶ 25). This amount includes $403,665.64 in charges that became due or were due at the time the franchise agreements were terminated (i.e., unpaid gross volume

royalties and fees, rent, billed promissory note principal and interest, a storefront financing note, a kiosk lease, and accelerated promissory note principal and interest), as well as $158,857.86 in contractual interest since the franchise agreements were terminated. (*Id.* ¶ 23).

15. In addition, the Court finds that **$53,151.57** in interest has become due since Plaintiff filed its motion.

16. Plaintiff also alleges **$5,284.00** in attorneys' fees and **$500** in costs of suit. (Dienelt Decl. ¶¶ 3, 5, 7).

Accordingly, IT IS on this 6th day of December, 2013,

**ORDERED** that Plaintiff's motion for default judgment is GRANTED, and it is

**ORDERED** that judgment is hereby entered against Gleason in favor of Jackson Hewitt in the total amount of $621,459.07, and it is

**ORDERED** that the Clerk of the Court shall close this matter.


*s/Esther Salas*
**Esther Salas, U.S.D.J.**